IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHAWN ROGERS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. JKB-22-1737** |
| **CARY BEDFORD, ET AL.,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 28.) For the following reasons, that Motion will be denied. The operative complaint in this action is the Amended Complaint, which can be found on the docket at ECF No. 5.[1]

Plaintiff Shawn Rogers brings this lawsuit against Defendants Cary Bedford and Tom Hassel Transport, Inc. ("Hassel Transport") regarding an alleged auto collision. (ECF No. 5.) Plaintiff initially filed suit in the Circuit Court for Baltimore County, Maryland against Bedford and Paccar Leasing Company. (ECF No. 5.) Plaintiff subsequently amended his complaint to substitute Hassel Transport for Paccar Leasing Company, creating diversity. (*Id.*) Defendants removed the action to federal court on July 15, 2022. (ECF No. 1.)

The Court entered the first Scheduling Order on August 8, 2022. (ECF No. 15.) That Order, among other things, set a September 8, 2022 deadline for amendments and specified that "the schedule will not be changed except for good cause." (*Id.*) The Parties have thrice requested

[1] The Court notes this for clarity moving forward in this action because the putative comparison between the original and amended complaint Plaintiff submitted with his Motion does not appear to be based on the operative complaint in this action. *Compare* ECF No. 5 with ECF No. 28-5.

scheduling modifications, which have all been granted, but have never requested any modification of the September 8, 2022 deadline for amending their pleadings. (*See* ECF Nos. 19, 21, 24, 25, 26, 27.)[2] On December 2, 2022, Plaintiff filed an Amended Complaint.[3] (ECF No. 22.) Six days later, this Court struck that filing and directed Plaintiff to refile the Amended Complaint with either Defendants' consent or an appropriate motion. (ECF No. 23.) Plaintiff did not move to refile his Amended Complaint until July 18, 2023. (ECF No. 28.)

Because the September 8, 2022 deadline has long passed, the Plaintiff must satisfy the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4). *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend pleadings."). The good cause inquiry "largely revolves around whether the plaintiff has diligently attempted to comply with the deadline set forth in the scheduling order." *Amaya v. DGS Construction, LLC*, 326 F.R.D. 439, 451 (D. Md. 2018). The movant must demonstrate that even with diligent action, "the proposed claims could not have been reasonably brought in a timely manner." *Hawkins v. Leggett*, 955 F.Supp.2d 474, 498 (D. Md. 2013).

Plaintiff has not demonstrated good cause.[4] Plaintiff's only apparent justification for his delay is that Plaintiff's counsel did not see that the Court had struck his December 2, 2022 filing. (ECF No. 28 at 2-3.) Even if this were true, it is not demonstrative of the kind of diligence necessary to allow a late amended pleading. *See Jennings v. Frostburg State University*, Civ. No.

---

[2] The Court notes that this case has been pending for some time. The Court is disinclined to grant further scheduling modifications.

[3] Though styled "Amended Complaint" by Plaintiff, it was actually the *Second* Amended Complaint.

[4] Because Plaintiff cannot demonstrate good cause under Rule 16, the Court will not conduct the Rule 15 analysis. *Noursion Rug Corp. v. Parvizian*, 535 F.3d at 298 ("Because we sustain the District Court's application of Rule 16(b), there is no cause for us to address the Court's finding that amendment would be futile, which is a Rule 15(a) consideration.").

ELH-21-656, 2023 WL 4205665, at *10 (D. Md. June 27, 2023) (holding that inadvertently omitting an affirmative defense is "exactly the sort of lack of diligence that implicates Rule 16"). However, Plaintiff's counsel did, in fact, see that his December 2, 2022 filing was struck. Indeed, Plaintiff's counsel forwarded the Notice of Electronic Filing of the Court's Order striking the Amended Complaint to defense counsel on December 8, 2022. (ECF No. 29-3.) Accordingly, Plaintiff has offered no plausible good cause.

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's Motion to File an Amended Complaint is DENIED.[5]
2. The Parties are further DIRECTED to confer with Judge Coulson regarding setting in a settlement conference in this matter.

DATED this 11 day of September, 2023.

BY THE COURT:

James K. Bredar

James K. Bredar
Chief Judge

[5] The Court will not make any ruling at this time on Defendants' requests that this Court strike Plaintiff's corporate designee deposition notice and Plaintiff's declaration because they did not file any motion seeking such relief, and these issues have not been fully briefed. The Court notes that discovery is limited to matters relevant to existing claims or defenses in the operative complaint and responsive pleadings. Fed. R. Civ. P. 26(b).