IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAWN ROGERS, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-22-1737 |
| CARY BEDFORD, et at., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Before the Court is Defendants' Emergency Motion to Terminate or Quash Deposition Notice, Alternatively Obtain Protective Order, and Award Sanctions. (ECF No. 31.) For the reasons herein, this motion will be granted in part and denied in part.

The Parties have engaged in a drawn-out dispute regarding whether Plaintiff can take a deposition of Defendant Tom Hassel Transport, Inc. ("Hassel Transport") pursuant to Fed. R. Civ. P. 30(b)(6) and what the proper scope of that deposition should be. (ECF No. 31 at 2-9.) The Court need not recount the full history here. Nor, given the impending date set to hold the 30(b)(6) deposition, will the Court wait for Plaintiff's response. This dispute is governed by Fed. R. Civ. P. 26(b): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A 30(b)(6) deposition of Hassel Transport is likely to uncover information relevant to Plaintiff's claim that "Defendant Hassel Transport, was negligent in that they allowed Defendant Bedford to operate their vehicle." (ECF No. 5 at ¶5.)[1] Accordingly, the Court will order that the Parties move forward with the deposition.

---

[1] Defendants characterize this Court's Order (ECF No. 30) on Plaintiff's Motion for Leave to File Second Amended Complaint as denying "Plaintiff's request to amend his complaint to add negligent hiring, training, and retention

1

Neither quashing nor terminating the 30(b)(6) notice is appropriate. First, Fed. R. Civ. P. 30(d)(3)(A) is inapplicable. That Rule governs issues that arise <u>during</u> a deposition, as the text of the rule makes clear: "[a]t any time <u>during</u> a deposition, the deponent or a party may move to terminate or limit it." Fed. R. Civ. P. 30(d)(3)(A) (emphasis added). The deposition at issue is not currently taking place, accordingly termination pursuant to Rule 30(d)(3)(A) is not warranted. Second, none of Defendants' arguments in favor of quashing the notice are availing. The notice is sufficiently particular, though it is overbroad and disproportionate to the needs of this case. The Court is not persuaded that Defendants cannot adequately prepare the deponent and make him available to testify by October 3, 2023.[2] Defendants have known about the 30(b)(6) deposition and proposed topics since May and previously agreed to hold the deposition on September 21. (ECF Nos. 31-10, 31-12.) They have had ample time to select and prepare a witness.

Nor does the Court see any justification for a sanction pursuant to Fed. R. Civ. P. 37. Defendants' only argument in favor of sanctions is "Plaintiff's counsel's lack of diligence." (ECF No. 31 at 16.) Nowhere does Rule 37 allow a sanction for mere lack of diligence. *See generally* Fed. R. Civ. P. 37. Further, Defendants "do not take the position that [Plaintiff's] counsel should be liable for sanctions or contempt as a matter of bad faith." (ECF No. 31 at 16.) But "evidence of misconduct, usually characterized as 'contumacious,' 'fraudulent' or 'bad faith,'" is necessary for a court to use its inherent powers to sanction. *See Poole* ex rel. *Elliott v. Textron, Inc.*, 192 F.R.D. 494, 497–8 (D. Md. 2000). Accordingly, no sanction is warranted at this time.

---

claim" and assert that that Order made certain issues in the case moot. The Court's Order (ECF No. 30) makes no comment on which claims are or are not properly part of the case. The Parties should reference the operative complaint (ECF No. 5) regarding what claims and allegations have been brought, as no motions dispositive of any claims have yet been brought, let alone granted.

[2] *See* (ECF No. 31 at 14). October 3, 2023 is the discovery deadline in this matter, and the Court assumes that is Defendants' reason for referencing this date in their motion. In any case, Defendants will have to offer a prepared deponent by September 29 and identify that individual by September 28, at the latest.

However, the Court agrees with Defendants on two points. First, the Court will order that the 30(b)(6) deposition of Mr. Smith be taken remotely. Remote depositions have become a standard tool in litigation since the onset of the COVID-19 pandemic and are sufficiently effective. Particularly given that Mr. Smith appears to have serious health issues, it is appropriate to conduct the deposition remotely via videoconference technology. Second, Plaintiff's noticed 30(b)(6) topics are significantly overbroad and unduly burdensome given the relatively simple allegations at issue in this case. Accordingly, the Court has edited the proposed topics, as shown in Attachment A. The 30(b)(6) deposition will take place, but Plaintiff's questioning is limited to those topics in Attachment A. Further, Plaintiff may choose no more than 30 of the requests for production from Attachment A (including any subparts) and request responsive documents. The requests as propounded by Plaintiff are "unreasonably cumulative or duplicative" and therefore must be limited. Fed. R. Civ. P. 26(b)(2)(C).

For the reasons set forth above, it is ORDERED that:

1. Defendants' Motion to Terminate or Quash Deposition Notice, Alternatively Obtain Protective Order, and Award Sanctions (ECF No. 31) is GRANTED IN PART and DENIED IN PART.

2. The Parties are DIRECTED to confer and hold the 30(b)(6) deposition of Defendant Tom Hassel Transport, Inc. on or before September 29, 2023.[3]

3. The Parties are DIRECTED to arrange for the 30(b)(6) deposition to be held remotely, assuming that Mr. Norman Smith is the corporate designee.

4. The 30(b)(6) deposition topics SHALL BE LIMITED to those listed in the Attachment to this order.

---

[3] Defendant shall identify the corporate designee to Plaintiff at least one day before the deposition is held.

5. From the document requests listed in Attachment A, Plaintiff may choose up to thirty (30) total (including any subparts) and IDENTIFY those 30 or fewer requests to Defendant Hassel Transport. After receiving the list of 30 or fewer requests identified by Plaintiff, Defendant Hassel Transport must PRODUCE responsive documents within one week. To the extent materials covered by those requests have previously been produced, Defendants need not reproduce them but shall IDENTIFY the responsive materials by Bates number.[4]

6. The Parties are DIRECTED to confer and then reach out to Judge Coulson by October 10, 2023 to set in a settlement conference in this matter as soon as is practicable.

DATED this __19__ day of September, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

[4] If Plaintiff's requests are duplicative, Defendant need not produce the materials more than once. Nothing in this Memorandum or Order should be construed as requiring the production of materials otherwise exempted from production as privileged or under attorney work product doctrine.